IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

ALLSTATE INDEMNITY COMPANY, )
)
        Plaintiff, )
)
vs. ) Case No. CIV-10-1285-C
)
BARBARA AMOS, as Guardian of )
BRADFORD SCOTT AMOS, an )
Incapacitated Person, )
)
        Defendant. )

## MEMORANDUM OPINION AND ORDER

This action for declaratory judgment questions the status of Plaintiff Allstate Indemnity Company's policy with Bradford Amos on October 26, 2008, when Mr. Amos was involved in a car accident. Three days before this accident, Plaintiff claims, Mr. Amos's car insurance policy with Plaintiff was terminated due to failure to timely pay premiums. Plaintiff now seeks summary judgment declaring that this policy was terminated prior to Mr. Amos's accident and, therefore, that Plaintiff is not liable for any claims stemming from this accident. On January 31, 2011, Plaintiff filed the present Motion for Summary Judgment (Dkt. No. 7), but Defendant Barbara Amos, acting as guardian of Bradford Amos, failed to file a responsive brief.

## I. BACKGROUND

Bradford Amos had a car insurance policy through Plaintiff which he amended, on September 9, 2008, to add a Chevrolet Camaro. (Pl.'s Br., Dkt. No. 7, at 2.) This change

increased Mr. Amos's premium, and he was unable to make timely premium payments. (Id. at 3.) Specifically, on September 29, 2008, Mr. Amos's recurring payment by credit card was declined. (Id.) Due to this missed payment, Plaintiff sent, pursuant to the provisions of the policy, a notice of policy cancellation to Mr. Amos on October 3, 2008. (Id.) This notice stated that the policy would cancel at "12:01 A.M. Standard Time on October 23, 2008," if Mr. Amos failed to pay the minimum amount due—$603.09— by October 22, 2008. (Id. at 4.) Mr. Amos did not meet this deadline, and, as warned, Plaintiff asserts it rightfully terminated Mr. Amos's policy as of 12:01 a.m. on October 23, 2008. (Id.) On October 26, 2008, Mr. Amos was in a car accident which left him incapacitated. (Id. at 6.)

## II. STANDARD OF REVIEW

Summary judgment is proper if the moving party shows that there is "no genuine dispute as to any material fact and the movant is entitled to March 31, 2011judgment as a matter of law." Fed. R. Civ. P. 56(a). "Under the summary judgment standard, a mere factual dispute will not preclude summary judgment; instead there must be a genuine issue of material fact." Cooperman v. David, 214 F.3d 1162, 1164 (10th Cir. 2000). The party seeking summary judgment bears the initial burden of demonstrating the basis for its motion, and identifying those portions of "'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,'" that demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). A fact is material if it affects the disposition of the substantive claim. Anderson v. Liberty Lobby, Inc., 477 U.S. 247 (1986). A court considering a summary

2

judgment motion must view the evidence and draw all reasonable inferences therefrom in the light most favorable to the nonmoving party. Kendrick v. Penske Transp. Servs., Inc., 220 F.3d 1220, 1225 (10th Cir. 2000).

If a party does not sufficiently support its own asserted facts or address the other party's asserted fact, a court may allow "opportunity to properly support or address the fact[,] consider the fact undisputed for purposes of the motion[,] grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it[,] or issue any other appropriate order." Fed. R. Civ. P. 56(e).

Defendant's failure to respond to Plaintiff's Motion for Summary Judgment slightly alters the Court's consideration of the motion. According to the Tenth Circuit, "a party's failure to file a response to a summary judgment motion is not, by itself, a sufficient basis on which to enter judgment against the party." Reed v. Bennett, 312 F.3d 1190, 1195 (10th Cir. 2002). Rather, courts must still consider whether summary judgment is appropriate under Rule 56. However,

> [b]y failing to file a response within the time specified by the local rule, the nonmoving party waives the right to respond or to controvert the facts asserted in the summary judgment motion. The court should accept as true all material facts asserted and properly supported in the summary judgment motion. But only if those facts entitle the moving party to judgment as a matter of law should the court grant summary judgment.

Id. Therefore, the Court must, in this instance, accept all asserted and properly supported facts proffered by Plaintiff as true, and then consider whether Plaintiff is entitled to summary judgment on the basis of those facts.

III.  DISCUSSION

Under Oklahoma law,[*] an insurance policy is a contract and should be construed according to its unambiguous terms. Equity Ins. Co. v. City of Jenks, 2008 OK 27, ¶ 14, 184 P.3d 541, 544-45. An insurer is required to give notice of policy cancellation that is clear and unequivocal after the occurrence of the event triggering the option to cancel. Equity Ins. Co. v. St. Clair, 2008 OK 79, ¶ 5, 196 P.3d 981, 983. "Where the insurance company strictly complied with the terms of the policy for cancellation, including mailing a notice of cancellation to the insureds at their address shown on the policy, the risk of non-receipt falls on the insureds." State Farm Fire & Cas. v. Van Horn, No. 97-5131, 1998 WL 58187, at *2 (10th Cir. Feb. 11, 1998) (unpublished) (citing Midwestern Ins. Co. v. Cathey, 1953 OK 169, ¶¶ 11-16, 262 P.2d 434, 435-36). It is the insurance company's burden to establish that notice of cancellation was mailed to the address shown on the policy. Oaks v. Motors Ins. Corp., 1979 OK 77, ¶ 10, 595 P.2d 789, 792.

Pursuant to the parties' contract, Plaintiff was entitled to "cancel part or all of this policy by mailing to [the insured] at [the insured's] last known address." (Pl.'s Br., Dkt. No. 7 Ex. 1.) Cancellation may be based on failure to pay premiums, upon which the "date of cancellation will be at least 10 days after the date of mailing." (Id.) Additionally, the policy provides that mailing notice of cancellation to the insured at the last known address is

---

[*] Because this Court's subject matter jurisdiction is based on diversity, Oklahoma substantive law governs pursuant to Erie and its progeny. Erie R. Co. v. Tompkins, 304 U.S. 64, 78 (1938); Aspen Orthopaedics & Sports Med., LLC v. Aspen Valley Hosp. Dist., 353 F.3d 832 (10th Cir. 2003); Boyd Rosene & Assocs., Inc. v. Kan. Mun. Gas Agency, 174 F.3d 1115 (10th Cir. 1999).

sufficient proof of notice. (Id.) Here, Plaintiff sent notice to Mr. Amos after his failure to timely pay the insurance policy premiums, which is the triggering event for policy cancellation. Plaintiff included electronic proof of mailing indicating that the notice was timely mailed to the address listed on Mr. Amos's policy. (See Pl.'s Br., Dkt. No. 7 Exs. 1 & 6.)

Therefore, Plaintiff has met its burden to establish that notice was mailed. Plaintiff gave Mr. Amos more than ten days to render his payment and prevent cancellation of his policy, but Mr. Amos failed to do so. (Id. Ex. 4.) Consequently, on October 23, 2008, Plaintiff cancelled—pursuant to the unambiguous terms of the policy—Mr. Amos's insurance policy. Therefore, at the time of Mr. Amos's car accident, October 26, 2008, Mr. Amos's insurance policy with Plaintiff had been effectively cancelled.

Accordingly, Plaintiff's Motion for Summary Judgment (Dkt. No. 7) is GRANTED.

IT IS SO ORDERED this 31st day of March, 2011.

ROBIN J. CAUTHRON
United States District Judge